IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROMONA Y. KENNARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-327-B-BN |
| | § | |
| FRANK CROWLEY BUILDING, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Romona Y. Kennard filed a *pro se* complaint against the Frank Crowley Building (the Dallas County, Texas state criminal courts building, adjacent to the Dallas County jail), in which Kennard alleges in full:

> I was not aware of what happen when the arrest and hit by a nurse and sheriff in the neck for not taking my med. Sheriff was not black. Sheriff I am not aware of them not have jailer uniform wearing on and the aid people in the jail give me a cold and I am not aware of being ill and do to the Spanish signing my release but back in jail.

Dkt. No. 3.

Based on the return address provided, it does not appear that Kennard was in custody when this lawsuit was filed, so the Prison Litigation Reform Act does not appear to apply to this suit. *See* 28 U.S.C. § 1915A(c). Regardless, Kennard moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. So United States District Judge Jane J. Boyle referred this lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Kennard's IFP motion through a separate order, subjecting her claims to screening under 28 U.S.C. § 1915(e).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss the complaint.

**Legal Standards**

Section 1915(e) requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court is therefore "statutor[ily] mandate[d] to dismiss a complaint whenever it becomes apparent to the court that no claim for relief is stated." *Harmon v. Nguyen*, No. 3:14-cv-2038-D-BN, 2016 WL 750923, at *5 (N.D. Tex. Feb. 4, 2016) (quoting *Moore-Bey v. Cohn*, 69 F. App'x 784, 787-88 (7th Cir. 2003) (per curiam)), *rec. adopted*, 2016 WL 740381 (N.D. Tex. Feb. 25, 2016).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). Accordingly, the pleading requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks

for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

But, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

In sum, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e));

*see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

**Analysis**

Liberally construing Kennard's claims as asserted against individuals, not a building, Kennard still fails to allege enough facts to suggest an entitlement to relief.

For example, while the undersigned does not dismiss – nor treat lightly – Kennard's allegation that she was hit by a nurse and/or jailer, the facts so far alleged stop short of pleading a plausible violation of Kennard's constitutional rights.

That is, to the extent that Kennard alleges a constitutional violation based on being hit by an individual acting under color of state law, "[t]o prevail on a [42 U.S.C. §] 1983 excessive force claim, 'a plaintiff must establish: (1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'" *Shepherd v. City of Shreveport*, 920 F.3d 278, 283 (5th Cir. 2019) (quoting *Harris v. Serpas*, 745 F.3d 767, 772 (5th Cir. 2014)).

So, to plausibly allege excessive force in violation of the Constitution, a plaintiff must provide facts that show or from which a court may infer "that he 'suffered an injury that resulted directly and only from a clearly excessive and objectively unreasonable use of force.'" *Allen v. Hays*, 65 F.4th 736, 744 (5th Cir. 2023) (cleaned up; quoting *Cloud v. Stone*, 993 F.3d 379, 384 (5th Cir. 2021) (citing, in turn, *Joseph*

*ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020))). *Cf. Delacruz v. City of Port Arthur*, No. 1:18-CV-11, 2019 WL 1211843, at *7 (E.D. Tex. Mar. 14, 2019) (considering a Rule 12(b)(6) motion to dismiss, "[t]he central question is whether Plaintiffs have pleaded facts that plausibly suggest the Officers' conduct was clearly excessive and objectively unreasonable").

Relatedly,

> [a]ccidental contact between an officer and a civilian is not a Fourth Amendment seizure – even if it injures the civilian – so a § 1983 plaintiff claiming excessive force must show that force was applied intentionally. *See Brower v. Cnty. of Inyo*, 489 U.S. 593, 596-97 (1989) (explaining that a seizure occurs only when a suspect's "freedom of movement" is terminated "through means intentionally applied" by the governmental actor); *Gorman v. Sharp*, 892 F.3d 172, 175 (5th Cir. 2018) (holding there can be no § 1983 liability for excessive force "in the absence of intentional conduct").

*McDonald v. McClelland*, 779 F. App'x 222, 225-26 (5th Cir. 2019) (per curiam).

And, as the United States Court of Appeals for the Fifth Circuit has explained,

> [t]he use of force is not excessive and unreasonable if "the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to their underlying intent or motivation." Many factors are relevant: "With 'careful attention to the facts and circumstances of each particular case,' courts consider 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" Courts will consider "not only the need for force, but also the relationship between the need and the amount of force used." And the reasonableness is "judged from the perspective of a reasonable officer on the scene," instead of the "20/20 vision of hindsight."

*Allen*, 65 F.4th at 744 (cleaned up); *see also Hatcher v. Bement*, No. 3:14-cv-M-BN, 2015 WL 1511106, at *4 (N.D. Tex. Apr. 3, 2015) ("To gauge the objective reasonableness of the force, a court 'must balance the amount of force used against

the need for force.' … The inquiry into reasonableness is fact specific." (cleaned up; quoting *Ramirez v. Knoulton*, 542 F.3d 124, 129 (5th Cir. 2008); citation omitted)).

Under these standards, the few facts alleged by Kennard fail to suggest that a defendant is liable for the misconduct alleged.

And the Court should dismiss Kennard's complaint.

But the ability to file objections to this recommendation (as further explained below) allows Kennard an opportunity to cure the deficiencies identified above and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

**Recommendation**

Unless Plaintiff Romona Y. Kennard satisfactorily shows through timely objections a basis to amend the complaint to allege a plausible claim, the Court should dismiss this lawsuit with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 14, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE